UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jesse Drewniak

     v.

U.S. Customs and Border Protection et al.

Civil No. 20-cv-852-LM
Opinion No. 2021 DNH 020 P

**O R D E R**

Plaintiff Jesse Drewniak brings this Fourth Amendment action against defendants U.S. Customs and Border Protection, U.S. Border Patrol,[1] U.S. Border Patrol Agent Mark A. Qualter, and Chief Patrol Agent Robert N. Garcia.[2] Drewniak alleges that defendants unlawfully subjected him to a suspicionless search and seizure when they stopped him at a traffic checkpoint erected for the primary purpose of discovering and prosecuting drug crimes. Presently before the court is defendants' motion to stay all pretrial proceedings and discovery. See doc. no. 24. For the reasons outlined below, defendants' motion to stay is denied.

---

[1] For ease of reading, the court will refer to these two defendants (U.S. Customs and Border Protection and U.S. Border Patrol) collectively as "CBP."

[2] The complaint also named Supervising U.S. Border Patrol Agent Jeremy Forkey as a defendant. See doc. no. 1 ¶ 17. On November 23, 2020, the parties filed a stipulation stating that Drewniak voluntarily dismissed Forkey without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. See doc. no. 23.

**STANDARD OF REVIEW**

District courts have broad discretion to stay proceedings and discovery by virtue of their inherent power to control their own dockets.  See Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); F.D.I.C. v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000).  The party requesting a stay has the burden of demonstrating its necessity.  Clinton, 520 U.S. at 708.  If there is a "fair possibility" that a stay would damage another party, the requesting party must demonstrate the stay's necessity by establishing "a clear case of hardship or inequity in being required to go forward."  Landis, 299 U.S. at 255; accord Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983).

**DISCUSSION**

Because defendants' motion to stay depends upon arguments made in their motions to dismiss and for summary judgment, it is necessary to briefly summarize the complaint and those motions before discussing the propriety of a stay.

Drewniak's complaint brings two counts.  Both allege Fourth Amendment violations.  Count I of Drewniak's complaint alleges that Qualter violated Drewniak's Fourth Amendment rights by searching and seizing him at an unconstitutional traffic checkpoint.  Drewniak sues Qualter in his individual capacity under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Count II alleges that CBP and Garcia have a "practice . . . of conducting unconstitutional Border Patrol checkpoints in northern

2

New England," and that this practice creates a "substantial risk" that his Fourth Amendment rights will again be violated at a future checkpoint.  Doc. no. 1 ¶ 115. Drewniak seeks declaratory and injunctive relief pursuant to this count and sues Garcia only in his official capacity.

Defendant Qualter moves to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting, <u>inter</u> <u>alia</u>, that he is entitled to qualified immunity.  <u>See</u> doc. no. 19.  In the alternative, Qualter argues that he is entitled to summary judgment based upon qualified immunity.  <u>See</u> <u>id.</u>  Defendants Garcia and CBP separately move to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Drewniak lacks standing.  <u>See</u> doc. no. 20. Defendants' motions have not yet ripened; briefing will not conclude until March 1, 2021.  A preliminary pretrial conference is currently scheduled for February 2, 2021.

Defendants move to stay all pretrial proceedings, including the preliminary pretrial conference, initial disclosures, and discovery, until after the court resolves their motions to dismiss and for summary judgment.  Defendants note that their motions raise the issues of qualified immunity and standing, and assert that those issues must be decided before any further proceedings in this case can occur.

Against this backdrop, the court will analyze whether the requested stay is warranted.  The court will first discuss whether Qualter's invocation of qualified immunity justifies a stay of all pretrial proceedings and discovery, then turn to the effect of the standing issue.

I.   Qualter's Assertions of Qualified Immunity Do Not Warrant a Stay of All Pretrial Proceedings and Discovery

Government officials are entitled to qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The Supreme Court has repeatedly emphasized that qualified immunity "is an immunity from suit rather than a mere defense to liability."  Hunter v. Bryant, 502 U.S. 224, 227 (1991) (emphasis omitted) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); see also, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in the judgment))).  It is for this reason that, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  Hoffman v. Reali, 973 F.2d 980, 985 (1st Cir. 1992).

Qualter argues that a stay of all further proceedings, and of discovery in particular, is necessary to preserve the effectiveness of his qualified immunity defense.  See Hegarty v. Somerset Cnty., 25 F.3d 17, 18 (1994).  Specifically, he contends that "subjecting him to the burdens of discovery" before ruling on qualified immunity "would erode the protections and benefits of the defense."  Doc. no. 24-1 at

4

4.  After considering the parties' arguments and the relevant law, the court

concludes that Qualter's assertion of qualified immunity does not warrant the broad

stay requested.

First, the court notes that mere invocation of qualified immunity does not

necessitate a stay regardless of the contours in which the defense is raised.  To the

contrary, although qualified immunity seeks to "protect officials from the costs of

'broad-reaching' discovery . . . limited discovery may sometimes be necessary before

the district court can resolve" the qualified immunity issue.  Crawford-El v. Britton,

523 U.S. 574, 593 n.14 (1998) (quoting Harlow, 457 U.S. at 818)); accord Anderson

v. Creighton, 483 U.S. 635, 646 n.6 1987); see, e.g., Devers v. Mooney, Civ. No. 3:12-

CV700-S, 2013 WL 3821759, at *1-2 (W.D. Ky. July 23, 2013) (denying defendant's

motion to stay discovery pending resolution of qualified immunity issue where

defendant's qualified immunity defense was premised on notion that "he relied on

legal advice and his reliance was reasonable").  Here, Qualter does not explain why

a stay is necessary in light of the precise qualified immunity defense he raises; he

merely argues that, because he has raised qualified immunity, the proceedings

must be stayed.  See Clinton, 520 U.S. at 708 (explaining that the party requesting

a stay has the burden of demonstrating its necessity).

Second, Drewniak's complaint states both a claim for damages against

Qualter in his individual capacity and a claim for injunctive and declaratory relief

against Garcia and CBP.  Neither Garcia—sued in his official capacity alone—nor

CBP are entitled to qualified immunity.  See Kentucky v. Graham, 473 U.S. 159,

166-67 (1985); Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 705 (1st Cir. 1993).  Most courts confronting cases raising both individual and official capacity claims have denied broad requests to stay all discovery on the basis that the individual capacity claim may be subject to qualified immunity.  See Roth v. President & Bd. of Trustees of Ohio Univ., No. 2:08-cv-1173, 2009 WL 2579388, at *3 (S.D. Ohio Aug. 18, 2009) (rejecting "the argument that all discovery should be stayed simply because one of the several claims in the complaint is subject to a qualified immunity defense") (collecting cases); see also, e.g., Lugo v. Alvarado, 819 F.2d 5, 7 (1st Cir. 1987).

Indeed, the First Circuit has acknowledged the "powerful policy reasons why discovery should not be halted" upon invocation of qualified immunity when a plaintiff pursues both equitable and monetary relief.  Lugo, 819 F.2d at 7.  "[T]he suspension of discovery proceedings on the equitable claims, solely because of an allegation of qualified immunity, only delays the case unnecessarily," because the plaintiff will be entitled to discovery on his equitable claims—which are unaffected by the immunity defense—regardless of whether the individual capacity defendant is entitled to qualified immunity.  Id.; see also Boston Taxi Owners Ass'n, Inc. v. City of Boston, 187 F. Supp. 3d 339, 342 (D. Mass. 2016).  Furthermore, when a plaintiff brings both monetary and equitable claims, any benefit from staying discovery "would be totally illusory, because in most cases the scope of discovery as to the injunctive claim is practically the same as that involved in proving damages." Lugo, 819 F.2d at 7.

Third, even when a qualified immunity defense is raised as to an individual capacity claim, limited discovery may still be permissible as to that claim. Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004). That is especially true when the immunity is raised in a motion for summary judgment. See Mejia v. Charette, No. 12-CV-449-JD-LM, 2013 WL 6001081, at *3 (D.R.I. Nov. 12, 2013). Here, Qualter seeks both dismissal of the complaint as well as summary judgment on the basis of qualified immunity. See doc. no. 19. In support of his motion for summary judgment, he has provided a statement of material facts supported by "declarations" from himself and Garcia. See doc. no. 19-1 at 17-20; see also doc. nos. 19-2, 19-3 (declarations). Qualter argues that he is entitled to summary judgment because he reasonably believed that immigration enforcement was the primary purpose of the traffic checkpoint where Drewniak was stopped. Specifically, he states that he "knew that the operations plan for this checkpoint underwent legal sufficiency review by the Office of the Assistant Chief Counsel" and that the checkpoint had been "approved by . . . [U.S. Border Patrol] Headquarters." Doc. no. 19-1 at 24. It would be unfair to allow Qualter to argue that he reasonably relied on the legal opinion of others without giving Drewniak the opportunity to explore the opinions he claims to have relied on. Devers, 2013 WL 3821759, at *2; see Estate of Sorrells v. City of Dallas, 192 F.R.D. 203, 207 (N.D. Tex. 2000) (identifying a "troubling trend in civil rights cases" whereby officials seek summary judgment based on qualified immunity while simultaneously moving to stay discovery in light of the

qualified immunity defense, which "unfairly blindsides plaintiffs by forcing them to respond to evidence before they have an opportunity to conduct discovery").

For these reasons, Qualter's invocation of qualified immunity does not warrant the broad stay requested.  See Lugo, 819 F.2d at 6-8 (affirming district court's denial of defendant's request to stay all discovery on sole basis that defendant raised qualified immunity as to one of multiple claims).  However, the court recognizes that, in order to preserve the effectiveness of Qualter's qualified immunity defense, Qualter may seek a protective order if Drewniak engages "in any discovery that [is] oppressive, unnecessary or disruptive of" his functions as a public official.  Id. at 6; see Fed. R. Civ. P. 26(c); see also Rome, 225 F.R.D. at 643 ("[Q]ualified immunity does not protect an official from all discovery, but only from that which is 'broad-reaching.'" (quoting Crawford-El, 523 U.S. at 593 n.14)).

II.    Defendants Fail to Explain Why Their Standing Argument Compels a Stay

In CBP and Garcia's motion to dismiss (doc. no. 20), they assert that Drewniak lacks standing.  Defendants assert the standing issue must be resolved before any pretrial proceedings or discovery can take place.  Defendants are correct that the court has "broad discretion to defer pretrial discovery" when a defendant challenges the court's jurisdiction.  Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 38 (1st Cir. 2000).  However, defendants fail to develop an argument as to why the court should exercise its discretion to stay pretrial proceedings and discovery in light of their standing argument.  See doc. no. 24-1 at 5-6.  Thus,

defendants have failed to carry their burden of demonstrating the necessity of the requested stay.  See Clinton, 520 U.S. at 708.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay pretrial proceedings (doc. no. 24) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 26, 2021

cc:   Counsel of Record

9