UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JESSE DREWNIAK, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 1:20-cv-852-LM ) |
| U.S. CUSTOMS AND BORDER PROTECTION, et al., | ) ) ) ) |
|     Defendants. | ) ) |

**JOINT STATEMENT REGARDING
ELECTRONICALLY STORED INFORMATION**

NOW COME the parties in the above-captioned matter and submit the following Joint Statement Regarding Electronic Discovery:

Counsel for the parties have corresponded to discuss the discovery and disclosure of electronically stored information ("ESI"). The parties do not anticipate this matter to involve particularly substantial amounts of ESI given the nature of the claims and discovery needed. Below is a statement of the parties' position on those topics listed in the Court's Rule 26(f) checklist.

    1. **Preservation**: The parties have been advised to segregate and preserve all ESI that is potentially relevant or responsive to discovery requests.

    2. **Locations & Systems**: The parties are unaware of any specific systems containing relevant ESI but expect email searches may be conducted as needed to respond to document requests. The parties agree that all emails in their possession and control are subject to discovery and that reasonable searches will be undertaken to identify e-mails (as well as all other ESI) responsive to discovery requests. The parties are unable at this time to determine if any

responsive ESI is not reasonably accessible.  The parties have agreed to confer again if this issue is identified going forward.

      3.    **Proportionality & Costs**:  At this time, the parties expect ESI searches to be conducted inhouse and without significant cost.  Should any issues regarding cost or proportionality arise, the parties will confer to address those issues.

      4.    **Search**: It is not anticipated at this time that email search protocols will be needed to satisfy discovery requests in the case.   The parties have agreed to confer again if either party believes search protocols are needed to search e-mails based on the scope of a particular discovery request.

      5.    **Phasing**: The parties do not believe any phasing of ESI discovery is needed.

      6.    **Production**:  The parties have agreed to exchange ESI in PDF or native (e.g., spreadsheets) format in the first instance.  To the extent technologically possible, all ESI shall be produced with corresponding searchable text in a separate text file on a per image or per document basis.

      7.    **Privilege**:  The inadvertent disclosure of privileged information shall be handled in accordance with the February 12, 2021 Order in this case (Dkt. No. 44).  The inadvertent disclosure or production of any document, information, or ESI that is subject to a claim of privilege will not be deemed to waive a party's claim to its privileged nature or estop that party or the privilege holder from designating the document, information, or ESI as privileged at a later date.  Any party receiving any such document, information, or ESI shall return it upon request from the producing party.  Upon receiving such a request as to specific documents, information, or ESI (identified by Bates Number), the receiving party shall return the documents, information, or ESI to the producing party within seven (7) business days, regardless of whether the receiving

party agrees with the claim of privilege. The receiving party may, after returning the documents, information, or ESI, challenge the claim of privilege, as the receiving party may do for any documents, information, or ESI withheld under a claim of privilege.

Dated: July 27, 2021

Respectfully submitted,

JESSE DREWNIAK,

By and through his attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation, the American Civil Liberties Union of Maine Foundation, and the ACLU Foundation of Vermont,

*/s/ Gilles Bissonnette*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
SangYeob Kim (N.H. Bar No. 266657)
Henry R. Klementowicz (N.H. Bar No. 21177)
American Civil Liberties Union of New Hampshire
18 Low Avenue
Concord, NH 03301
Tel. 603.224.5591
gilles@aclu-nh.org
sangyeob@aclu-nh.org
henry@aclu-nh.org

*/s/ Emma E. Bond\**
Emma E. Bond
Zachary L. Heiden*
American Civil Liberties Union of Maine Foundation
P.O. Box 7860
Portland, Maine 04112
Tel. 207.619-8687
ebond@aclumaine.org
heiden@aclumaine.org

Lia Ernst*
James Diaz*
ACLU Foundation of Vermont
90 Main Street
Montpelier, VT 05602
Tel. 802.223.6304
lernst@acluvt.org
jdiaz@acluvt.org

4

Scott H. Harris (N.H. Bar No. 6840)
Steven Dutton (N.H. Bar No. 17101)
Jeremy Walker (N.H. Bar No. 12170)
McLane Middleton
900 Elm Street
Manchester, NH 03101
Tel. 603.628-1459
Scott.harris@mclane.com
Steven.Dutton@mclane.com
Jeremy.Walker@mclane.com

Albert E. Scherr (N.H. Bar No. 2268)
Professor of Law
University of New Hampshire School of Law
2 White Street
Concord, NH  03301
Tel. 603.513.5144
Albert.Scherr@law.unh.edu

Mark Sisti (N.H. Bar No. 2357)
Sisti Law Offices
387 Dover Road
Chichester, NH  03258
Tel. 603.224.4220
msisti@sistilawoffices.com

JOHN J. FARLEY

Acting United States Attorney

*/s/ Robert J. Rabuck*
Robert J. Rabuck (N.H. Bar No. 2087)
Assistant U.S. Attorney
Michael McCormack (N.H. Bar No. 16470)
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, NH 03301
Tel. 603. 225.1552
Rob.rabuck@usjoj.gov
Michael.McCormack2@usdoj.gov

5